ORIGINAL

UNDER |_.

42 U.S.C. 1983

# Civil Complaint: Haskins v. City of New York, et al.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF NEW YORK

**Tyquan Haskins,** Plaintiff,

**CIVIL COMPLAINT** SEPARATED CAUSE OF ACTION FOR MONELL LIABILITY MUNICIPALITY UNDER 42 U.S.C. 1983

Jessica S. Tisch, Eric Adam, NYPD, CRT UNIT, NST UNIT, Officers John Does 1, 2, & 3, all sued in their official, individual, and municipal capacities, Defendants.

## STATEMENT OF FACTS

On September 27, 2025, at approximately 9:00 PM, plaintiff Tyquan Haskins was making a delivery on a street-legal electric bike in the area of Liberty and Alabama Avenue, Brooklyn. While performing this delivery, Mr. Haskins was suddenly ambushed by members of the City of New York Police Department. The officers, operating in plainclothes as part of the CRT unit, exited a black jeep and, without any visible police markings, forcibly snatched and slammed the plaintiff off his

REC'D IN PRO SE OFFICE
MAY 18 '26 PM3:40

electric bike, pushing him toward the sidewalk and preventing him from collecting his packages.

During this encounter, one of the defendants, identified as John Doe #3, asked Mr. Haskins: "Anything I should know now before I search you because I would hate to 'clip' you right here?" Mr. Haskins replied that he had "pins and needles" in his right leg from a previous injury and requested medical assistance and a sergeant at the scene, stating that he had been struck with the jeep.

Defendant John Doe #2 began searching through Mr. Haskins' packages, asking, "What the hell you got in these things over here?" Mr. Haskins explained that the boxes were private contract business packages belonging to customers. Defendant John Doe #1 dismissed this explanation, telling Mr. Haskins to "shut the hell up with that business shit," and accused him of riding a "moped" erratically. Mr. Haskins stated that he was never read his Miranda rights before being apprehended and clarified that he was riding an electric bike, not a moped.

Defendant John Doe #3 then forced Mr. Haskins, who was rear-cuffed, into the back seat of the black jeep without seatbelts or leg room. The three officers stood in front of the vehicle, discussing charges before transporting Mr. Haskins to the NYPD 75th Precinct. Upon arrival, Mr. Haskins requested to speak to a sergeant, who informed him that the CRT unit operates independently within precincts and that the precinct had no jurisdiction over them unless the CRT unit relinquished custody.

Mr. Haskins was fingerprinted and photographed by CRT officer John Doe #3, who told him he would receive a phone call and medical aid at Central Bookings. Mr. Haskins was then placed in an unsanitary cell for over 24 hours, where conditions were inadequate, with feces present and the water system shut off.

On September 28, 2025, Mr. Haskins, suffering from a leg injury, was taken to Brookdale Hospital, where doctors noted inflammation but were unable to provide full treatment due to his NYPD custody status. He was discharged with pain medication, an ice pack, and a walking cane, and returned to the 75th Precinct, where he was again placed in an unsanitary cell lacking working facilities for several hours before being transferred to Central Bookings.

At Central Bookings, correctional officers at first objected to Mr. Haskins' possession of the hospital-issued cane, but after confirming his discharge papers, allowed him to keep it. Mr. Haskins was strip-searched and placed in an unsanitary holding cell without his cane, and was served cold, molded cheese and peanut butter sandwiches.

On September 29, 2025, Mr. Haskins missed a 10:00 AM business Zoom meeting due to his incarceration. He was eventually called to see legal aid, who informed him that he was being charged with a traffic violation, not a crime, and questioned why he had not simply been issued a ticket. Mr. Haskins reiterated that he was riding an electric bike in the

course of making deliveries when he was forced off the road by police.

Mr. Haskins was released on his own recognizance and given a return court date of December 2, 2025. The case was dismissed on January 9, 2026; however, the 75th Precinct did not have Mr. Haskins' property, and the CRT unit was unaccounted for.

## INJURIES CLAIMS

Plaintiff asserts that he suffered deliberate indifference at the hands of Eric Adam and the formal policy to reinstate plainclothes departmental units, specifically the CRT "Jump-Out Boys." The CRT unit's omission and conduct in ambushing Mr. Haskins, using a mini-jeep and excessive force to remove him from his electric bike, demonstrates a broken policy. Mr. Haskins, who has a disability due to a rod in his right leg from a 2021 non-fault accident, claims he was re-injured during the CRT encounter.

Plaintiff further alleges that the defendants are accountable for his apprehension, abduction, ambush, deliberate indifference, and vandalism of his delivery property, boxes, and packages. The officers failed to make accommodations for his leg injury, forcing him into a cramped, seatbelt-less space in the jeep. As a result, Mr. Haskins lost his delivery job, a $1,000,000 business sponsorship, and future contracts due to his apprehension, hindering him from securing significant business opportunities.

The plaintiff claims that defendants knew or should have known that simple traffic violations are not crimes but ticket infractions, and that he was never read his Miranda rights. He was incarcerated for a traffic violation, deprived of his dietary needs as a "fruitarian," denied medical care and the opportunity to contact his family, and kept in unsanitary holding cells.

## MONELL LIABILITY

Plaintiff brings a second claim under Monell against the NYPD in its official capacity, Police Commissioner Jessica S. Tisch in her individual and official capacities, and Eric Adam in his individual and official capacities, as well as the CRT unit under municipal authority. The "Jump-Out Boys" plainclothes units were reinstated as the "Neighborhood Safety Team" (NST), a gun unit focused on addressing gun violence, as announced by Eric Adam in November.

Under New York State law, police officers must have reasonable cause, based on objective facts and circumstances, to believe a person has committed a crime in their presence in order to have probable cause to search and apprehend. The plaintiff alleges the CRT unit lacked probable cause to incarcerate him for riding an electric bike—a traffic violation—based on the facts available at the time of arrest, and that the CRT unit conducted searches without probable cause, resulting in civil liability.

The key elements of the plaintiff's claim include unlawful arrest, unlawful imprisonment, and lack of probable cause, which he asserts reflect a widespread custom or practice of unconstitutional acts. The ambush and detention of Mr. Haskins, without rendering EMS services, demonstrate deliberate indifference, turning a traffic stop into an unlawful custodial arrest.

Plaintiff contends that Eric Adam's decision to reinstate plainclothes units as the NST was a final policy decision that contributed to the misconduct and his unlawful detention. He alleges that the city, the NYPD, and the NST unit failed to provide adequate training and oversight, ignoring known risks. Police Commissioner Jessica S. Tisch is also sued in her individual and official capacities for municipal policy, custom, and practice, including launching the "Quality of Life" division, which targets homelessness, open-air drug use, illegal vending, and 311 complaints.

## LEGAL ARGUMENT

**Atwater v. City of Lago Vista, 532 U.S. 318(2001)** "Allows custodial arrest only if State law authorizes it."

**Rodriguez v. United States, 575 U.S. 348 (2015)** "Any prolonging of a stop without independent suspicion violates the Fourth Amendment."

**Dunaway v. New York, 442 U.S. 200 (1979)** "Detention without Probable Cause justify as unlawful Arrest & Seizure."

**Wallace v. Kato, 549 U.S. 384 (2007) "False** imprisonment = detention without legal process for Traffic violation that's known for **citation-only** under State Laws.

**Beck v. Ohio, 379 U.S. 89 (1964)** "Proper Cause must exist at the moment of arrest."

**Delaware v. Prouse, 440 U.S. 648 (1979)** "Random traffic stop without suspicion are unconstitutional.

**Knowles v. Iowa, 525 U.S. 113 (1998)** "Citation – Only Stop."

**United States v. Sharpe, 470 U.S. 675 (1985)**" duration of detention must be reasonable."

**Gonzalez v. City of Anaheim, 747 F.3d 789 (9th Cir. 2014)** "Continued detention after justification evaporates = Fourth Amendment Violation."

**Pembaur v. City of Cincinnati, 475 U.S. 469 (1986)** "Failure due to single policymaker decision can trigger inadequate training, Supervise, & discipline."

**City of Canton v. Harris, 489 U.S. 378 (1989)** "Deliberate indifference upon training being so inadequate it shows failure to train theory."

**Monell v. Dep't of Social Services, 436 U.S. 658 (1978)** "A City/County/Police Department Can Be Sued, for Constitutional Violations 'ONLY IF' the injury was cause by the municipality's **POLICY or CUSTOM**."

**Board of Cnty. Comm'rs v. Brown, 520 U.S. 397 (1997)** CRT Omission conduct not to issue a **traffic ticket shows high bar** for **CAUSATION** of injuries or loss would not have occurred but for the CRT specific act or omission due to Erica Adam, reinstating jump out boys.

**Connick v. Thompson, 563 U.S. 51 (2011)** "Pattern usually required for failure-to-train."

**Los Angeles County v. Humphries, 562 U.S. 29 (2010)** "found the result of the policy, custom, or practice attributable to the local public entity; or are such claims can be sued directly under 1983 for Monetary, Declaratory, or Injunctive Relief unconstitutional implements 436 U.S., at 690."

Plaintiff maintains that the facts set forth demonstrate violations of his constitutional rights under 42 U.S.C. § 1983, as a result of municipal policy and deliberate indifference by the defendants, and seeks relief accordingly.

DATE:

## RELIEF

Plaintiff attached certificated of case dismiss which shows omission conduct to not give plaintiff a traffic ticket which stops plaintiff from archiving a delivery contract for his business.

Plaintiff is asking for ONE MILLION DOLLARS for his punitive damages

upon ABDUCTION, JURISDICTION, improper VENUE of due process and

ONE MILLION DOLLARS for lost of sponsorship, promotion, and contract.

Plaintiff is Sueing all defendants in their official capacity and individual capacity in this 42. U.S.C. 1983 proceedings under Monell for policy and custom to target plaintiff who haven't commented or gave-give any reason for ABDUCTION that cause Damages.

Date:

________________

* TYQUAN HASKINS

New York City Comptroller
Brad Lander

NEW YORK CITY COMPTROLLER
BUREAU OF LAW AND ADJUSTMENT / ADMINISTRATION
2026 JAN 16 AM 11:15
CENTRAL PROCESSING FACILITY

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

Form Version: NYC-COMPT-BLA-PD1-M

# Property Damage or Loss Claim Form

A claim must be filed in person or by registered or certified mail within 90 days of the occurrence at the NYC Comptroller's Office, located at 1 Centre Street, Room 1225, New York, NY 10007. The claim form must be notarized. If the claim is not resolved within one (1) year and 90 days of the occurrence, you must start a separate legal action in a court of law before the expiration of this time period to preserve your rights.

TYPE OR PRINT

**I am filing:** (●) On behalf of myself.

( ) On behalf of someone else. If on someone else's behalf, please provide the following information.

| | |
|---|---|
| Last Name: | Haskins |
| First Name: | Tyquan |
| Relationship to the claimant: | |

( ) Attorney is filing.

**Attorney Information (If claimant is represented by attorney)**

| | |
|---|---|
| Firm or Last Name: | |
| Firm or First Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Tax ID: | |
| Phone #: | |
| Email Address: | |

**Claimant Information**

| | | |
|---|---|---|
| *Last Name: | Haskins | |
| *First Name: | Tyquan | |
| Address: | 203 Newport Street Apt: 210 | |
| Address 2: | | |
| City: | Brooklyn N.Y. | |
| State: | N.Y. | |
| Zip Code: | 11212 | |
| Country: | USA | |
| Date of Birth: | 02/15/1988 | *Format: MM/DD/YYYY* |
| Soc. Sec. # | ~~#2 517~~ 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 | |
| HICN: (Medicare #) | | |
| Date of Death: | | *Format: MM/DD/YYYY* |
| Phone: | | |
| Email Address: | flyrighttyq@gmail.com | |
| Occupation: | N/A | |

City Employee? ( ) Yes (●) No ( ) NA

Gender (●) Male ( ) Female ( ) Other

*** Denotes required field(s).***

New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**The time and place where the claim arose**

*Date of Incident: 09/27/2025 *Format: MM/DD/YYYY*

Time of Incident: 9:30pm *Format: HH:MM AM/PM*

Property Clerk Voucher Number:

District Attorney Release Number:

*Location of Incident: Pitkin Ave & liberty Brooklyn N.Y.

Address:

Address 2:

City:

State:

Borough:

***Manner in which claim arose:**

**Attach extra sheet(s) if more room is needed.**

"CRT turn an Ticket traffic Summons into Extortion?" false police Report was made upon Confiscation of DMV ID along with Eletrice bike. This Omission conduct conducted by CRT crew Shows Misconduct and Abuse of authority.

Please see Certificate of Disposition

false arrest
false police report upon an traffic violation.
Extortion/Abductions of human & property

**The items of damage claimed are (include dollar amounts):**

**Attach extra sheet(s) if more room is needed.**

Please see attach Eletrice bike recipt and Photo. Seeks $80,000 for Job loss and ~~[illegible]~~ damages for every day without Electric Bike that was use for delivery's and transporting. Electrice Bike not found and pct refuse to give property Back.

*** Denotes required field(s).**

New York City Comptroller
Brad Lander

Office of the New York City Comptroller
1 Centre Street
New York, NY 10007

**Insurance Information**

| | |
|---|---|
| Do you have insurance? | ◯ Yes ● No |
| Did you report your accident to your insurance company? | ◯ Yes ● No |
| Were you paid by your insurance company? | ◯ Yes ● No |
| Is payment pending? | ◯ Yes ● No |
| Deductible Amount: | |
| Insurance Company Name: | |
| Address: | |
| Address 2: | |
| City: | |
| State: | |
| Zip Code: | |
| Policy #: | |
| Phone #: | |
| Agent Name: | |

**City vehicle information**

| | |
|---|---|
| Plate #: | |
| City Driver Last Name: | |
| City Driver First Name: | |
| ***Total Amount Claimed:** | |

*Format: Do not include "$" or ",".*

Date: 01/16/2026

Signature of Claimant: [signature]

State of New York
County of

I, Tyquan Haskins, being duly sworn depose and say that I have read the foregoing NOTICE OF CLAIM and know the contents thereof: that same is true to the best of my own knowledge, except as to the matter here stated to be alleged upon information and belief, and as to those matters. I believe them to be true.

Sworn before me this day JAN 1 6 2026

Signature of Claimant [signature]

Signature of notary [signature]

MICHAEL ALEXANDER DOCKETT
COMMISSIONER OF DEEDS
CITY OF NEW YORK NO. 4-10420
CERTIFICATE FILE IN NEW YORK
COMMISSION EXPIRES 01/01/2028

*** Denotes required field(s).**

123BuySell andTrade.com

123 BUY SELL AND TRADE.COM
2883 3RDE AVE
BRONX, NEW YORK 10455
DCA #2058092#2058633 #2058785#2059268
TEL#3478623285FAX #3478623284
WE REPAIR CELLPHONE AND DO LAY-A-WAY

Sold To:
HASKINS TYQUAN J

| Item # | Qty | Price | Ext Price |
|---|---|---|---|
| GTR ELECTRIC BII | | $1,200.00 | $1,200.00 |

Subtotal: $1,200.00
Local Sales Tax 0 % Tax + $0.00
RECEIPT TOTAL: $1,200.00

Debit Card: $1,200.00
DEBIT

PAID BY AMERICAN FERST FINACE ALL TAX
PAID BY AMERIKAN FERST FINACE
LLPTGKDH5M1051019

THANK YOU FOR SHOPPING WITH US
GAS BIKE AND SCOOTER ALL TAX AND FEE
WILL BE PAID DIRECTLY TO DMV BY THE
BUYER ON REGISTRATION
MOTOR BIKE REQUIRE STAE
[illegible] AND INSURANCE
[illegible]

except signature
ranch of Istop
(Seller)
(Buyer)
Mode
able)
will be paid


YOZMA

# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201

Phone: (646) 386-4500 Fax: (718) 643-7733

Court ORI: NY023033J

**NO FEE**

**Non-Public Version**

The People of the State of New York
vs.
**Tyquan Haskins**

SEALED

[redacted]

**Certificate of Disposition**

Docket Number: **CR-046596-25KN**

CJTN: 71320462P

NYSID: 09655617N

Defendant DOB: **02/15/1983**

Arrest Date: **09/27/2025** Arraignment Date: **09/29/2025**

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | VTL 0319 01 I Oper Motor Vehicle W/O Ins **SEALED 160.50** | I | Dismissed, Sealed 160.50 | 01/09/2026 |
| 2 | VTL 0410 01 I Oper Unregistered Motorcycle **SEALED 160.50** | I | Dismissed, Sealed 160.50 | 01/09/2026 |
| 3 | VTL 0411 01 I Motorcycle Viol:No Reg Plates **SEALED 160.50** | I | Dismissed, Sealed 160.50 | 01/09/2026 |
| 4 | VTL 0511 01A UM Aggravated Unlic Oper Veh-3rd **SEALED 160.50** | UM | Dismissed, Sealed 160.50 | 01/09/2026 |
| 5 | VTL 0509 01 I MV License Viol:No License **SEALED 160.50** | I | Dismissed, Sealed 160.50 | 01/09/2026 |
| 6 | VTL 1212 UM Reckless Driving **SEALED 160.50** | UM | Dismissed, Sealed 160.50 | 01/09/2026 |
| 7 | PL 120.20 AM Reckless Endangerment-2nd **SEALED 160.50** | AM | Dismissed, Sealed 160.50 | 01/09/2026 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **January 14, 2026**

**Chief Clerk/Clerk of the Court**

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

All marijuana convictions under PL 221.05, PL 221.10, PL 221.15, PL 221.20, PL 221.35 or PL 221.40 —including any appearing on this certificate of disposition— are vacated, dismissed, sealed, and expunged. It is an unlawful discriminatory practice for any entity to make any inquiry about such an expunged conviction or to use such an expunged conviction adversely against an individual in any form of application or otherwise—unless specifically required or permitted to do so by statute.
It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55, 170.56, 210.46, 210.47, or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.59 or 160.58 of the criminal procedure law, in connection with the licensing, housing, employment, including volunteer positions, or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by an order adjourning the criminal action in contemplation of dismissal, pursuant to section 170.55 or 170.56, 210.46, 210.47 or 215.10 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. An individual required or requested to provide information in violation of this subdivision may respond as if the arrest, criminal accusation, or disposition of such arrest or criminal accusation did not occur. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal